**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-1238

———————

CESAR CALIXTO CASTILLO-REYES,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Petition for Review of a Final Order
Of the Board of Immigration Appeals
(BIA No.:  A079-037-370)
Appellate Immigration Judge: Earle B. Wilson

———————

Argued on November 2, 2023

Before: JORDAN, ROTH, and AMBRO, <u>Circuit Judges</u>

(Opinion Filed: February 16, 2024)

Marcia Kasdan **(Argued)**
Law Office of Marcia S. Kasdan
127 Main Street
1st Floor
Hackensack, NJ  07601

     Counsel for Petitioner

Merrick B. Garland
Krishana Patel
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Kohsei Ugumori **(Argued)**
United States Department of Justice
1100 L Street NW
Washington, DC 20530

        Counsel for Respondent

OPINION[*]

**AMBRO**, <u>Circuit Judge</u>

In 2002, an Immigration Judge rejected the asylum claim of Cesar Calixto Castillo-Reyes of Colombia, and in 2004 the Board of Immigration Appeals ("BIA") dismissed his appeal from that decision and ordered his removal. He stayed in the United States despite that order, and 17 years later he moved to reopen his proceedings to apply for cancellation of removal. The BIA declined to do so, and Castillo-Reyes filed a petition for review with us. For the reasons that follow, we dismiss his petition in part and deny the remaining part.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.    BACKGROUND

On or around July 29, 2001, Castillo-Reyes, fleeing threats from the Revolutionary Armed Forces of Colombia (or "FARC"[1]), illegally entered the United States and was detained. Three days later, he was served with a Notice to Appear for removal proceedings. The Notice, however, left the time and date of his appearance "to be determined," though on August 22 he received a supplemental document with that information. Castillo-Reyes duly appeared before an Immigration Judge, admitted the charge of entry without inspection, and applied for asylum. That claim was rejected in 2002 for reasons that are irrelevant here. As noted, in 2004 the BIA dismissed his appeal, and a final order of removal followed.

Rather than comply with that order, Castillo-Reyes remained in the country and—17 years later—filed a Motion to Reopen Proceedings Based on Changed Circumstances in order to apply for cancellation of removal. The changed circumstances relate to the Supreme Court cases *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), which together establish that the "stop-time" on accruing physical presence in the United States (for purposes of cancellation of removal) cannot be triggered by a defective Notice to Appear, even when it is later corrected by a supplemental

---

[1] The FARC is a Marxist-Leninist guerilla group that has been in conflict with the Colombian government since 1964. In 2016, the group signed a ceasefire accord with the Colombian government, and in 2017 it handed its weapons over to the United Nations and announced its reformation as a legal political party. However, in 2019 a small faction of FARC leaders announced a return to armed activity, resulting in preemptive strikes by the Colombian government. *See* Editors, Encyclopedia Britannica, *FARC* (Oct. 19, 2023), https://www.britannica.com/topic/FARC, accessed Nov. 6, 2023.

document.  Because that is what occurred in his case, Castillo-Reyes claims that the "stop-time" was never triggered.  As a result, he argues, he has now accrued ten years of physical presence, and also has two qualifying relatives, his American-born children, who are reasonably likely to suffer extreme and unusual hardship if he is removed.  Thus, Castillo-Reyes claims he is *prima facie* eligible for the relief of cancellation of removal and seeks to reopen his two-decades-old removal proceedings to seek it.

However, the BIA denied Castillo-Reyes' motion.  It first determined that it was time barred under the 90-day motion deadline in Section 240(c)(7) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(7).  See also 8 C.F.R. § 1003.2(c)(2).  While Castillo-Reyes had not explicitly argued for equitable tolling, the BIA considered the issue and held that it did not apply, as he alleged neither ineffective assistance of counsel nor a legal error that affected the prior proceedings or prevented the filing of a motion within the pertinent time frame.  In any event, the change in law here, the BIA reasoned, would not have affected the prior proceedings; regardless whether the Notice to Appear stopped time, Castillo-Reyes would have accrued less than three years of physical presence at the time of his final administrative order of removal and the 90-day period for reopening.  Similarly, he did not have a qualifying relative permitting him to apply for cancellation of removal within that period, only having children in America much later.  Thus, the BIA denied the motion as untimely.

Having done so, the BIA declined to use its discretionary authority under 8 C.F.R. § 1003.2(a) to reopen proceedings *sua sponte*.[2] It said that Castillo-Reyes did not demonstrate that his case presented an "exceptional" situation warranting the exercise of *sua sponte* authority because any potential relief arose only many years later, based on equities acquired while he remained in the United States illegally. In a footnote, the BIA distinguished *Niz-Chavez*, in which the noncitizen *had* accumulated ten years of physical presence during the pendency of the removal proceedings. Thus, it declined to reopen Castillo-Reyes' proceedings *sua sponte*. He now petitions us to review.

## II. JURISDICTION AND STANDARD OF REVIEW

We generally have jurisdiction to review a BIA final order under 8 U.S.C. § 1252(a)(1) and review questions about our own jurisdiction *de novo*. *Borrome v. Att'y Gen.*, 687 F.3d 150, 154 (3d Cir. 2012). Where we have jurisdiction, we review the denial

---

[2] In 2021 the Department of Justice amended this regulation to allow the BIA to reopen proceedings *sua sponte* "solely in order to correct a ministerial mistake or typographical error in that decision or to reissue the decision to correct a defect in service"; "[i]n all other cases the Board may only reopen . . . pursuant to a motion filed by one or both parties." 8 C.F.R. § 1003.2(a) (eff. Jan. 25, 2021). But two federal courts enjoined implementation of the amended regulation nationwide. *See Centro Legal de la Raza v. Exec. Off. for Immigr. Rev.*, 524 F. Supp. 3d 919, 937, 940-41, 980 (N.D. Cal. 2021); *Cath. Legal Immigr. Network, Inc. v. Exec. Off. for Immigr. Rev.*, No. 21-cv-00094-RJL, Dkt. No. 46 at 8 (D.D.C. Apr. 3, 2021). Those cases have been stayed pending a new rule proposed by the DOJ that mostly tracks the pre-2021 consensus, but the DOJ agrees that the amended regulation should remain enjoined pending the rulemaking process. *See* Status Report at 1-2, Centro Legal, No. 3:21-cv-00463, D.I. 91 (N.D. Cal. Nov. 13, 2023); Joint Status Report at 1, Cath. Legal, No. 21-cv-00094-RJL, D.I. 63 (D.D.C. Oct. 19, 2023); 88 Fed. Reg. 62242, 62278-79. We therefore apply the unamended regulation as it was in effect in November 2021, when Castillo-Reyes requested the BIA to reopen *sua sponte* his removal proceedings. *See Wright v. Att'y Gen. of the United States of Am.*, No. 19-3843, 2021 WL 4553022, at *3 (3d Cir. Oct. 5, 2021) ("We agree with [Petitioner] and conclude that the Rule is currently inoperative.").

of a motion to reopen under the deferential abuse of discretion standard: we "will not disturb the BIA's determination unless it is arbitrary, irrational, or contrary to law. . . ." *Darby v. Att'y Gen. of United States*, 1 F.4th 151, 159 (3d Cir. 2021).

However, "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion . . . [because] the regulation providing for reopening or reconsidering a case *sua sponte* offers no standard governing the agency's exercise of discretion." *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003). As such, "orders by the BIA declining to exercise its discretion to reopen *sua sponte* are functionally unreviewable, unlike other orders on immigration motions to reopen." *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017).

There are two exceptions to that rule against review. The first "arises when the BIA relies on an incorrect legal premise in denying a motion to reopen *sua sponte*." *Id.* "In such cases we can remand to the BIA so it may exercise its authority against the correct 'legal background.'" *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011). The second, or "settled-course" exception, occurs when a petitioner establishes "that the BIA has limited its discretion via a policy, rule, settled course of adjudication, or by some other method, such that [its] discretion can be *meaningfully* reviewed for abuse. The petitioner's showing must be persuasive enough to allow the *reasonable* inference that the BIA's discretion has in fact been limited." *Sang Goo Park*, 846 F.3d at 653 (emphases added). A mere "'pattern' of dispositions whose contours are not clearly defined[,] or which is not tailored to the petitioner's circumstances[,]" will not suffice. *Id.*

We retain jurisdiction to review constitutional claims such as a denial of due process. 8 U.S.C. § 1252(a)(2)(D); *Darby*, 1 F.4th at 165–66. We review those claims *de novo*. *See Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005).

## III. DISCUSSION

Castillo-Reyes first argues that the BIA premised its decision not to reopen *sua sponte* on an incorrect legal premise, namely that "later acquired equities cannot be considered as 'compelling circumstances' or as 'truly exceptional circumstances' to justify discretionary reopening." Castillo-Reyes' Br. at 18-19.[3] This, he contends, makes reviewable the decision not to exercise its discretionary authority.

But the BIA did no such thing. Instead, it stated clearly that equities established after an order of removal "*generally* do not constitute such truly *exceptional* circumstances as to warrant *discretionary* reopening." App. at 7 (quoting *Matter of H-Y-Z-*, 28 I&N Dec. 156, 161 (BIA 2020) (emphases added)). This does not reflect an incorrect belief about the BIA's discretion; instead, it is an acceptable use of it. *Darby*, 1 F.4th at 165 (declining to find the incorrect legal premise exception because the BIA's decision did not "rest on a

---

[3] In his petition for review, Castillo-Reyes does not dispute the untimeliness of his motion to reopen proceedings, and he has thus abandoned the issue. *See Garcia v. Att'y Gen. of U.S.*, 665 F.3d 496, 502 (3d Cir. 2011), *as amended* (Jan. 13, 2012) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned [. . .] that issue on appeal."). In any case, we agree with the BIA that equitable tolling is not applicable "because the change in law at issue here would not have affected the prior proceedings, given that the respondent was not eligible for cancellation of removal relief at any time prior to the entry of the final administrative order of removal [in 2004] or during the subsequent 90-day window [thereafter] to seek reopening." App. at 6-7.

legal determination of [petitioner's] status" but on a finding that its disposition was not exceptional).

Castillo-Reyes next argues that this case falls within the settled-course exception to reviewability because he "has located fifteen cases where the Board exercised its discretion favorably and granted *sua sponte* motions to reopen which sought cancellation of removal relief after *Pereira* due to a defective [Notice to Appear] not stopping time." Castillo-Reyes' Br. at 18. But before we hold the settled-course exception to apply, we require a showing of "tailored" cases showing that the BIA has "meaningfully limited" its authority. *Sang Goo Park*, 846 F.3d at 656.

Castillo-Reyes has not made such a showing. In almost every case he cites, the petitioner either had already acquired the requisite physical presence at the time of the initial proceedings or had filed a timely motion such that no exercise of *sua sponte* authority was necessary. He presents only three cases in which the BIA exercised its discretionary authority to reopen proceedings *sua sponte* where the petitioning alien had, in light of an improper notice of appearance, only years later accumulated the requisite physical presence to qualify for cancellation of removal. Three cases "does not a settled course make." *Sang Goo Park*, 846 F.3d at 654. In this context, we are hard pressed to discern an "obvious consistency" to the BIA's pattern of decisions that shows it has meaningfully restricted its discretion regarding similarly situated aliens. *Id*.

With no exceptions to evade the rule against review, we lack jurisdiction over the BIA's decision not to grant relief *sua sponte*. Having so concluded, we find no need to address whether Castillo-Reyes makes out a *prima facie* case for cancellation of removal.

8

Finally, Castillo-Reyes claims that "[r]eturning him to Colombia would be a denial of due process of law as guaranteed by the Fifth Amendment to the U.S. Constitution." Castillo-Reyes' Br. at 26. But to raise a colorable due-process claim, an alien must first state a liberty or property interest, and aliens do not have such an interest in discretionary relief such as the granting of a motion to reopen. *Darby*, 1 F.4th at 165–66. To the extent Castillo-Reyes argues that his liberty interest is not in *obtaining* discretionary relief but in having the BIA accurately decide his motion, we have "held that an alien had no due-process interest in even being *considered* for relief when the statute lacked explicit mandatory language that could create in an alien any protectible expectation of entitlement to relief." *Id.* (emphasis in text; internal quotations omitted). "A motion to reopen likewise creates no protectible expectation of entitlement to relief." *Id.* (internal quotations omitted). In any case, we believe Castillo-Reyes' claim was fairly considered for the reasons noted, the result being that he fails to make out a colorable constitutional claim.

\* \* \*

For these reasons, we dismiss Castillo-Reyes' petition for review of the BIA's decision not to *sua sponte* reopen his proceedings and deny his petition in remaining part.